

**FILED**

DISTRICT COURT OF GUAM

DEC - 6 2005

MARY L.M. MORAN
CLERK OF COURT

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) ) ) | CRIMINAL CASE NO. 05-00066-003 |
| vs. | ) ) | **INFORMATIONAL REPORT** |
| GINGER PEREZ HAMAMOTO,<br>Defendant. | ) ) ) ) ) | |

**Re:  Informational Report; No Action Requested**

On September 12, 2005, Ginger Perez Hamamoto made an Initial Appearance before Magistrate Judge Joaquin V. E. Manibusan Jr., pursuant to a Complaint charging her with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.

On September 21, 2005, an Indictment was handed down by the Federal Grand Jury, in U.S.D.C. Criminal Case Number 05-00066 charging the defendant with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.  On September 22, 2005, the Complaint in U.S.D.C. Cr. Cs. No. 05-00046-003 was dismissed.

On September 29, 2005, Ms. Hamamoto was released on a personal recognizance bond with conditions that she report to the  U.S. Pretrial Services Office as instructed; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not change residence unless approved by the U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release; report as soon as possible any contact with law enforcement; shall not go near any ports of entry or exit, unless authorized by the U.S. Probation Office; shall not leave the Territory of Guam without written permission of the Court and the U.S. Probation Office; and may communicate with co-defendant, Joseph Anthony Mesa on matters regarding their child.

ORIGINAL

INFORMATIONAL REPORT
Informational Report; No Action Requested
Re:    HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
December 5, 2005
Page 2

On October 13, 2005, an Informational Report was filed with the Court for a positive drug test and for receiving a traffic citation. On November 7, 2005, the Court modified conditions to include that she participate in drug treatment due to two additional positive drug tests and a stall. On November 29, 2005, the Court modified conditions to include that she participate in home detention with electronic monitoring due to two additional positive drug tests and two urinalysis no shows.

She is alleged to have violated the following conditions of release:

**Special Condition 1:** *The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.* On October 29 and 30, 2005, Ms. Hamamoto tested positive for use of methamphetamine at the drug testing vendor. The sample was sent to Scientific Testing Laboratories, Inc. for confirmation testing because Ms. Hamamoto denied use of illicit substances. On December 1, 2005, this Officer received the laboratory report which indicated a positive result for amphetamine and methamphetamine on the specimen collected on October 29 and 30, 2005. On December 2, 2005, this Officer met with Ms. Hamamoto to discuss the laboratory report. She executed an admission form, admitting to using "ice" on October 29, 2005.

**Recommendation:** It is recommended that this report be for informational purposes only and no action be taken at this time. Ms. Hamamoto has just recently been afforded substance abuse counseling and has been placed on home confinement for recent violations. She has been warned of the consequences of further violations. Her compliance will continue to be closely monitored. Any further violations will be reported to the Court accordingly.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Marivic David, AUSA
        G. Patrick Civille, Defense Counsel
        File