FILED
DISTRICT COURT OF GUAM
DEC 20 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ANTHONY MESA,<br>JEFFREY ANTHONY ESPINOSA,<br>GINGER PEREZ HAMAMOTO, and<br>SHARDAE ROXANNE U. LOVE,<br><br>Defendants. | CRIMINAL CASE NO. 05-00066<br><br>**REPORT & RECOMMENDATION**<br>**re Standing** |

On October 24, 2005, defendant Mesa filed a motion to suppress the physical evidence obtained as a result of a search warrant, arguing that the warrant lacked probable cause and/or that service of the warrant was invalid. (Docket No. 61.) Defendant Hamamoto joined in said motion. (Docket No. 65.)

On November 16, 2005, the district Judge referred the motion and another motion to suppress filed by defendant Love[1] to the below-signed judge for the issuance of a report & recommendation. (Docket No. 82.)

The Court held a hearing on the suppression motions on December 5, 2005. At said hearing, defendant Espinosa orally joined in Mr. Mesa's suppression motion. While defendant

---

[1] Defendant Love's motion to suppress was filed on October 18, 2005. (Docket No. 46.)

United States v. Joseph Anthony Mesa, et al., Criminal Case No. 05-00066
Report & Recommendation re Standing

Love initially took no position on Mr. Mesa's motion, she, too, later orally joined in the motion.[2] During the course of the hearing, the Court and the parties discussed whether the defendants had standing to challenge the search of room 755. The Court took the matter under advisement and stated that it would issue its report and recommendation as to the standing issue before hearing argument on the merits of the suppression motion. Having heard argument from the parties and reviewed the pleadings and caselaw, the Court hereby issues the following Report & Recommendation.

## DISCUSSION

Mr. Mesa asserted that suppression of all physical evidence is warranted where here there was a lack of probable cause to support the issuance of the warrant. Furthermore, Mr. Mesa claimed that problems in the execution of the warrant justify suppression.

In response, the Government argued that procedurally none of the three defendants arrested in room 755 have established standing to contest the search of said room. Without establishing that any of them have a reasonable expectation of privacy in the room, the Government asserted that they should not be heard to complain about the search.

Before a court can consider whether a search or seizure was unreasonable under the Fourth Amendment, the defendant must first show standing to object to the legality of the search. The Supreme Court held in Rakas v. United States that "the proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." 439 U.S. 128, 131 n.1 (1978).

In order to have standing to challenge the search of a hotel room under the Fourth Amendment, a defendant must establish a reasonable expectation of privacy in the room. U.S. v. Dorais, 241 F.3d 1124, at 1128 (9th Cir. 2001). In United States v. Grandstaff, 813 F.2d 1353 (9th Cir. 1987), the Ninth Circuit was presented with the case in which a guest of the registrant

---

[2] In spite of her oral joinder, at a continued hearing held on December 6, 2005, on Ms. Love's suppression motion, she orally withdrew her joinder in Mr. Mesa's motion after she testified that she had not stayed at the hotel but was merely there to visit her boyfriend and some friends.

of the room challenged the validity of the search of the room. The Ninth Circuit stated that "[a]lthough a guest who stays overnight and keeps personal belongings in the residence of another might have a reasonable expectation of privacy, . . . mere presence in the hotel room of another is not enough." Grandstaff, 813 F.2d at 855. This was true where there the defendant had not shown that he shared the room with the registrant, stayed there overnight or even that he had his luggage there. Id. In short, the defendant presented no factual basis for the inference that he had a legitimate expectation of privacy in another person's hotel room, and thus he had no standing to challenge the entry into the room. Id.

Additionally, while the situation here involved a hotel room, it may nevertheless be analogous to situations involving house guests. In Minnesota v. Olson, 495 U.S. 91 (1990), the Supreme Court recognized that the defendant's "status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable." Olson, 495 U.S. at 96-97.

In United States v. Armenta, 69 F.3d 304 (9th Cir. 1995), the defendant asserted he had standing to challenge the search of someone else's home because he was an overnight guest at the home. The Ninth Circuit, however, held that the defendant's mere bald assertion was insufficient to establish his standing. Id. at 308. Although the defendant's wallet and two other documents were found in the home, there was no clothing or other indicia that he was staying there, and there was no identifiable host who gave the defendant permission to stay at the house. Id. at 308-09.

In the case of Minnesota v. Carter, 525 U.S. 83 (1998), the Supreme Court found that two individuals who were not overnight guests but were in a person's home for only a matter of hours to help package cocaine had no reasonable expectation of privacy in the home. Id. at 90. The Supreme Court distinguished between the legitimate privacy expectations of overnight guests and the mere permission to be on the premises given to those "essentially present for a business transaction." Id.

The Ninth Circuit similarly held such in the case of United States v. Flores, 172 F.3d 695 (1999). There, the defendant contended that he had a legitimate expectation of privacy in

another person's apartment because he was an invited guest and because with his involvement in the alleged distribution operation, he would have an interest in the items seized. Id. at 699. The Ninth Circuit rejected this argument since the defendant "was only present in [the apartment] to conduct a brief drug transaction." Id., The Ninth Circuit thus held that he had no standing to object to the admission of evidence seized from the apartment. Id.

Here, the Government contends that defendants Mesa, Espinosa and Hamamoto have not established standing to challenge the search of room 755, which was registered to a third party.[3] In response, Mr. Mesa notes that in the Government's search warrant application, the anonymous caller stated that a Joey Mesa was "staying" at the hotel. Additionally, the hotel security manager confirmed that the occupants of the room had been staying there for 3 days. Thus, the defendants argue that the Government agent's declaration used to support its application for the search warrant is all the proof they need to establish standing to contest the search.

The Court finds the defendants' argument meritorious. Agent Cho's affidavit, which was filed under penalty of perjury, stated that an anonymous caller informed him that "four (4) individuals named 'Jess ESPINOSA, Joey MESA, Shardae LOVE and Ginger HAMAMOTO' are *currently staying* at an unknown room at the hotel and manufacturing methamphetamine." Application for Search Warrant at ¶5 (emphasis added). The anonymous caller did not say that the individuals were visiting the hotel or that they were merely at the hotel. Instead, the tipster specifically stated that the individuals were "staying" at the hotel, which implies something more than a brief visit. In fact, Agent Cho's affidavit further explains that the hotel security manager advised him that the occupants of room 755 had been "staying at the hotel three (3) days." Application for Search Warrant at ¶11. Thus, this would imply that the defendants were "overnight guests" of the hotel and were not merely there for a matter of hours to conduct a "business transaction" as the in Carter and Flores were. The defendants did not challenge these

---

[3] According to ¶11 of the search warrant application, room 755 was registered to Renee S. Munoz. There was no evidence presented as to how any of the defendants were connected to the registered guest.

portions of Agent Cho's affidavit, and thus the Court must accept said facts as being true. Thus, based on these uncontested facts, the Court concludes that defendants Mesa, Espinosa and Hamamoto were overnight guests at the hotel and occupants of room 755 which entitled them to an expectation of privacy in the room.

## CONCLUSION

The Court finds that defendants Mesa, Espinosa and Hamamoto have established standing to challenge the search of room 755. Based on the scheduling needs of the Government and its agent, and the scheduling needs of the Court, the hearing on the merits of Mr. Mesa's motion to suppress the physical evidence is hereby set for Wednesday, January 25, 2006, at 9:30 a.m. Because Ms. Love has withdrawn her joinder in said motion and conceded that she has no expectation of privacy in room 755, the Court will not permit her or her counsel to participate at the January 25th hearing.

Additionally, because the Court adopts the defendants' argument that Agent Cho's affidavit establishes standing to contest the search of room 755, defendant Mesa's Motion to File Supplemental Affidavit, which was filed after the December 5, 2005 hearing, is hereby moot.

Dated this 20th day of December 2005.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge