# United States District Court

for

THE DISTRICT OF GUAM

**FILED**
DISTRICT COURT OF GUAM
DEC 29 2005 ᵩᵖ
MARY L.M. MORAN
CLERK OF COURT

U.S.A. vs: **GINGER PEREZ HAMAMOTO**   Docket No. CR#05-00066-003

### Petition for Action on Conditions of Pretrial Release

COMES NOW _ROSSANNA VILLAGOMEZ-AGUON_ PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant _Ginger Perez Hamamoto_ who was placed under pretrial release supervision by the Honorable _Joaquin V.E. Manibusan Jr., Magistrate Judge_ sitting in the court at _Hagatna, Guam_ on the _29th_ date of _September_, 20 _05_ under the following conditions:

Surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not change residence unless approved by the U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release; report as soon as possible any contact with law enforcement; shall not go near any ports of entry or exit, unless authorized by the U.S. Probation Office; shall not leave the Territory of Guam without written permission of the Court and the U.S. Probation Office; and may communicate with co-defendant, Joseph Anthony Mesa on matters regarding their child.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

*(If short insert here; if lengthy write on separate sheet and attach)*

**Please see attached Declaration in Support of Petition; Violation Report, Request for a Warrant**

PRAYING THAT THE COURT WILL

*Pursuant to 18 U.S.C. §3148, order that a warrant of arrest be issued, and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.*

ORDER OF COURT

Considered and ordered this _29th_ day of _December_, 20 _05_ and ordered filed and made a part of the records in the above case.

~~xxxxxxxxxxxxxxxxxxxxxxx~~
FRANCES TYDINGCO-GATEWOOD
Designated Judge

Respectfully,
_Rossanna Villagomez-Aguon_
U.S. Pretrial Services Officer

Place: _Hagåtña, Guam_

Date: December 27, 2005

**RECEIVED** DEC 28 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>GINGER PEREZ HAMAMOTO,<br>Defendant. | CRIMINAL CASE NO. 05-00066-003<br><br>**DECLARATION IN SUPPORT OF PETITION** |

**Re: Violation Report, Request for a Warrant**

I, U.S. Probation Officer Rossanna Villagomez-Aguon, am assisting assigned U.S. Probation Officer John W. San Nicolas II in supervising the Court-ordered conditions of pretrial for Ginger Hamamoto, and in that capacity declare as follows:

On September 12, 2005, Ginger Perez Hamamoto made an Initial Appearance before Magistrate Judge Joaquin V. E. Manibusan Jr., pursuant to a Complaint charging her with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.

On September 21, 2005, an Indictment was handed down by the Federal Grand Jury, in U.S.D.C. Criminal Case Number 05-00066 charging the defendant with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On September 22, 2005, the Complaint in U.S.D.C. Cr. Cs. No. 05-00046-003 was dismissed.

On September 29, 2005, Ms. Hamamoto was released on a personal recognizance bond with conditions that she report to the U.S. Pretrial Services Office as instructed; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not change residence unless approved by the U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain

DECLARATION IN SUPPORT OF PETITION
Violation Report, Request for Warrant
Re: HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
December 27, 2005
Page 2

from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release; report as soon as possible any contact with law enforcement; shall not go near any ports of entry or exit, unless authorized by the U.S. Probation Office; shall not leave the Territory of Guam without written permission of the Court and the U.S. Probation Office; and may communicate with co-defendant, Joseph Anthony Mesa on matters regarding their child.

On October 13, 2005, an Informational Report was filed with the Court for a positive drug test and for receiving a traffic citation. On November 7, 2005, the Court modified conditions to include that she participate in drug treatment due to two additional positive drug tests and a stall. On November 29, 2005, the Court modified conditions to include that she participate in home detention with electronic monitoring due to two additional positive drug tests and two urinalysis no shows.

On December 6, 2005, an Informational Report was filed with the Court for positive drug tests on October 29 and 30, 2005. On December 1, 2005, the laboratory report was received by U.S. Probation Officer San Nicolas confirming the positive results, and on December 2, 2005, during a compliance meeting, Ms. Hamamoto admitted to using "ice" on October 29, 2005.

Ginger Hamamoto is alleged to have violated the following conditions of release:

**Special Condition:** *The defendant shall participate in a Home Confinement program and abide by all the requirements of the program which will include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based on you ability to pay as determined by the pretrial services office or supervising officer. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer.*

On December 26, 2005, Ginger Hamamoto went out-of-range at 8:37 a.m. as authorized to attend her substance abuse counseling appointment at 9:00 a.m. She failed to return at 10:20 a.m. as instructed, and has not returned since. According to Francisca Hamamoto, mother, they have not been able to locate her since her failure to return.

DECLARATION IN SUPPORT OF PETITION
Violation Report, Request for Warrant
Re:   HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
December 27, 2005
Page 3

Ms. Hamamoto had also violated her home confinement condition previously. On December 21, 2005, she was authorized leave from 2:40 p.m. to 4:20 p.m. to attend her substance abuse counseling appointment. She did not return until 4:59 p.m.

On December 22, 2005, Ms. Hamamoto was confronted about her late return on December 21, 2005, and stated that she was using the time on her cellular telephone. She was reminded then that upon her placement on electronic monitoring, she had been instructed then to ensure that all clocks and watches were synchronized to the official time. She was then authorized leave on that day from 3:40 p.m. to 4:50 p.m. for drug testing. She failed to return until 5:57 p.m.

**Special Condition:** *The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.*

On December 27, 2005, the probation office received a report on Ginger Hamamoto from Scientific Testing Laboratories confirming a positive result for amphetamine and methamphetamine for urinalysis conducted on December 10, 2005.

On December 22, 2005, Ms. Hamamoto tested presumptive positive for methamphetamine. This result is pending confirmation testing.

**Recommendation:** The Probation Officer respectfully requests that pursuant to 18 U.S.C. §3148, that this matter be scheduled for a hearing and a warrant of arrest be issued for the defendant's appearance at that hearing to determine if her bail should be revoked or modified.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer

Reviewed by:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc:   Marivic David, AUSA
      G. Patrick Civille, Defense Counsel