# ORIGINAL

**FILED**

DISTRICT COURT OF GUAM

MAY - 1 2006

MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00066 |
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES' JURY INSTRUCTIONS** [PROPOSED] |
| JOSEPH ANTHONY MESA, JEFFREY ANTHONY ESPINOSA, GINGER PEREZ HAMAMOTO, and SHARDAE ROXANNE U. LOVE, | ) | |
| Defendants. | ) | |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. In addition, an unnumbered set, without authorities, is submitted on diskette in the event the Court wishes to submit instructions to the jury.

RESPECTFULLY SUBMITTED this ___ day of May 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

# INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1. | Duties of Jury to Find Facts and Follow Law | 1 |
| 2. | Charges Against Defendants Not Evidence, Presumption of Innocence, Burden of Proof | 2 |
| 3. | Reasonable Doubt - Defined | 3 |
| 4. | What is Evidence | 4 |
| 5. | What is Not Evidence | 5 |
| 6. | Direct and Circumstantial Evidence | 6 |
| 7. | Credibility of Witnesses | 7 |
| 8. | Evidence of Other Acts of Defendants or Acts and Statements of Others | 8 |
| 9. | Statements by Defendant | 9 |
| 10. | Opinion Evidence, Expert Witness | 10 |
| 11. | Separate Consideration of Multiple Counts - Multiple Defendants | 11 |
| 12. | Attempt to Manufacture Methamphetamine Hydrochloride | 12 |
| 13. | Possession with Intent to Distribute Methamphetamine Hydrochloride | 13 |
| 14. | Conspiracy - Elements | 14 |
| 15. | Conspiracy - Knowing of and Association with Other Conspirators | 15 |
| 16. | Conspiracy - Pinkerton Charge | 17 |
| 17. | Knowingly | 19 |
| 18. | Deliberate Ignorance | 20 |
| 19. | Distribute | 21 |
| 20. | Aiding and Abetting | 22 |
| 21. | Dates | 24 |
| 22. | Duty to Deliberate | 25 |
| 23. | Consideration of Evidence | 26 |

-i-

| 24. | Use of Notes | 27 |
| 25. | Jury Consideration of Punishment | 28 |
| 26. | Verdict Form | 29 |
| 27. | Communication with the Court | 30 |

-ii-

# INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.1

-1-

INSTRUCTION NO.  2

## CHARGES AGAINST DEFENDANTS NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

This is a criminal case brought by the United States government. Count One of the Superseding Indictment charges the defendants, JOSEPH ANTHONY MESA, JEFFREY ANTHONY ESPINOSA, GINGER PEREZ HAMAMOTO, and SHARDAE ROXANNE U. LOVE with the crime of attempt to manufacture methamphetamine hydrochloride. Count Two charges all the defendants with possession with intent to distribute less than 5 grams of methamphetamine hydrochloride. Count Three of the Superseding Indictment charges all the defendants with the crime of conspiracy to manufacture over 5 grams of methamphetamine hydrochloride. Counts Four charges all the defendants with the crime of conspiracy to distribute over 5 grams of methamphetamine hydrochloride.

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove their innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.2

-2-

## INSTRUCTION NO. _3_

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.5

-3-

INSTRUCTION NO. _4_

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY:  Manual of Model Jury Instructions for the
                         Ninth Circuit, 2003 Ed., § 3.6

-4-

INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.7

-5-

INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 3.8

-6-

INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY:  <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2003 Ed., § 3.9

-7-

INSTRUCTION NO. 8

## EVIDENCE OF OTHER ACTS OF DEFENDANTS OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether each of the defendants is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. Each defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against each defendant.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.10

-8-

INSTRUCTION NO. 9

STATEMENTS BY DEFENDANT

You have heard testimony that the defendants SHARDAE LOVE and GINGER PEREZ HAMAMOTO made statements. It is for you to decide (1) whether each defendant made the statements and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.1

-9-

INSTRUCTION NO. 10

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.17

-10-

INSTRUCTION NO. __11__

<u>SEPARATE CONSIDERATION OF MULTIPLE COUNTS -
MULTIPLE DEFENDANTS</u>

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.14

-11-

INSTRUCTION NO. __12__

## ATTEMPT TO MANUFACTURE METHAMPHETAMINE HYDROCHLORIDE

The defendants, JOSEPH ANTHONY MESA, JEFFREY ANTHONY ESPINOSA, GINGER PEREZ HAMAMOTO, and SHARDAE ROXANNE U. LOVE, are charged in Count I of the superseding indictment with attempt to manufacture of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(C) and 846 of Title 21 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to manufacture methamphetamine hydrochloride;

Second, the defendant knew that it was methamphetamine hydrochloride; and

Third, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of manufacturing methamphetamine hydrochloride.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 9.14

-12-

INSTRUCTION NO. 13

## POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

The defendants, JOSEPH ANTHONY MESA, JEFFREY ANTHONY ESPINOSA, GINGER PEREZ HAMAMOTO, and SHARDAE ROXANNE U. LOVE, are charged in Count II of the Superseding Indictment with possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride in violation of Sections 841(a)(1) and 841(b)(1)(C) of Title 21 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed less than five (5) grams of methamphetamine hydrochloride, and

Second, the defendant possessed methamphetamine hydrochloride with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine hydrochloride. It is sufficient that the defendant knew that it was some kind of a prohibited drug

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 9.13

-13-

CONSPIRACY—ELEMENTS

The defendants, JOSEPH ANTHONY MESA, JEFFREY ANTHONY ESPINOSA, GINGER PEREZ HAMAMOTO, and SHARDAE ROXANNE U. LOVE, are charged in Count III of the Superseding Indictment with conspiracy to manufacture over five (5) grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii), and 846 of Title 21 of the United States Code. Count IV charges a separate conspiracy; conspiracy to distribute over five (5) grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii), and 846 of Title 21 of the United States Code In a moment I will go into the elements of each of these offenses which the government must prove beyond a reasonable doubt.

First however, I want to instruct you as to what a "conspiracy" is under the laws of the United States. A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are

conspirators, nor merely by knowing that a conspiracy exists. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count III, the government must prove beyond a reasonable doubt each of the following elements:

First, that, beginning on or about July 2005, the exact date unknown, and on or about September 8, 2005, there was an agreement between two or more persons to commit the crime of manufacturing over five (5) grams of methamphetamine hydrochloride; and

Second, the defendant you are considering became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

As to Count IV, in order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 2005, the exact date unknown, and on or about September 8, 2005, there was an agreement between two or more persons to commit the crime of distributing over five (5) grams of methamphetamine hydrochloride; and

Second, the defendant you are considering became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 8.16

-15-

INSTRUCTION NO. 15

<u>CONSPIRACY- KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS</u>

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 8.18

- 16 -

INSTRUCTION NO. 16

## CONSPIRACY - PINKERTON CHARGE

A conspiracy is a kind of criminal partnership - - an agreement between two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime. Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Therefore, you may find the defendant guilty of either manufacturing methamphetamine hydrochloride as charged in Count III of the superseding indictment or distributing methamphetamine hydrochloride as charged in Count IV of the superseding indictment, or both, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count III or Count IV of the superseding indictment committed the crime of manufacturing or distributing methamphetamine hydrochloride as alleged in Count III or Count IV;

2. the person was a member of the conspiracy charged in Count III or Count IV of the superseding indictment;

3. the person committed the crime of manufacturing or distributing methamphetamine hydrochloride in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Counts III or Count IV was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably

- 17 -

have been foreseen to be a necessary or natural consequence of the unlawful agreement.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>
2003 Ed., § 8.20

- 18 -

INSTRUCTION NO. 17

KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 5.6

- 19 -

INSTRUCTION NO. 18

DELIBERATE IGNORANCE

You may find that each defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that drugs or drug paraphernalia or drug manufacturing paraphernalia were in the Guam Reef Hotel room and deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that no drugs or drug paraphernalia or drug manufacturing paraphernalia were in the hotel room, or if you find that the defendant was simply careless.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 5.7

- 20 -

# INSTRUCTION NO. 19

## DISTRIBUTE

The term "distribute" means to deliver or transfer possession or control of a controlled substance from one person to another. A sale or an exchange of money is not required for a distribution.

AUTHORITY: 21 U.S.C. §§ 802(8) and (11);
Devitt, Blackmar & O'Malley, Federal Jury Practice
and Instructions, 4th Ed., § 54.04
United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979);
United States v. Brown, 761 F.2d 1272, 1278 (9th Cir. 1985)

- 21 -

INSTRUCTION NO. 20

AIDING AND ABETTING

A defendant may be found guilty of Attempt to Manufacture Methamphetamine Hydrochloride as charged in Count I of the Superseding Indictment or Possession With Intent to Distribute Methamphetamine Hydrochloride, as charged in Count II of the Superseding Indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting Attempt to Manufacture Methamphetamine Hydrochloride, the government must prove beyond a reasonable doubt:

First, the crime of Attempt to Manufacture Methamphetamine Hydrochloride was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of Attempt to Manufacture Methamphetamine Hydrochloride; and

Third, the defendant acted before the crime was completed.

To prove a defendant guilty of aiding and abetting Possession With Intent to Distribute Methamphetamine Hydrochloride, as charged in Count II, the government must prove beyond a reasonable doubt:

First, the crime of Possession With Intent to Distribute Methamphetamine Hydrochloride was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of Possession With Intent to Distribute Methamphetamine Hydrochloride; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the

- 22 -

1   knowledge and intention of helping that person commit the crime of Attempt to Manufacture

2   Methamphetamine Hydrochloride as charged in Count I of the Superseding Indictment  or

3   Possession With Intent to Distribute Methamphetamine Hydrochloride as charged in Count II of

4   the Superseding Indictment.

5          The government is not required to prove precisely which defendant actually committed

6   the crime and which defendant aided and abetted.

AUTHORITY: <u>Manual of Model Jury Instructions for the
Ninth Circuit</u>, 2003 Ed., § 5.1

- 23 -

## INSTRUCTION NO. 21

## DATES

The indictment charges that the crime occurred between certain dates. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime occurred reasonably close to the dates alleged in the indictment.

AUTHORITY: <u>U.S. v. Laykin</u>, 886 F.2d 1534, 1543 (9th Cir. 1989).

- 24 -

INSTRUCTION NO. 22

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.1

- 25 -

## INSTRUCTION NO. 23

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.2

- 26 -

1

INSTRUCTION NO. 24

2

## USE OF NOTES

3       Some of you have taken notes during the trial. Whether or not you took notes, you

4  should rely on your own memory of what was said. Notes are only to assist your memory. You

5  should not be overly influenced by the notes.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>

26       <u>Ninth Circuit</u>, 2003 Ed., § 7.3

27

28                                        - 27 -

# INSTRUCTION NO. 25

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.4

- 28 -

INSTRUCTION NO. <u>26</u>

<u>VERDICT FORM</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2003 Ed., § 7.5

- 29 -

INSTRUCTION NO. 27

<u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.6