**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Ginger Perez Hamamoto*

**FILED**
DISTRICT COURT OF GUAM

MAY - 2 2006 nbd

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.05-00066 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT GINGER PEREZ** |
| | ) | **HAMAMOTO'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| GINGER PEREZ HAMAMOTO, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Ginger Perez Hamamoto, hereby submits her proposed jury instructions attached hereto.

DATED at Hagåtña, Guam, this 2nd day of May, 2006.

**CIVILLE & TANG, PLLC**

By _____
**G. PATRICK CIVILLE**
*Attorneys for Defendant*
*Ginger Perez Hamamoto*

ORIGINAL

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 1

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.1.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 2

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.3.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 3

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.4.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 4

## EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.5.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.6.**

**DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 6**

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.7.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.8.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 8

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.9.**

## DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 9

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.10.**

# DEFENDANT'S REQUESTED PRELIMINARY JURY INSTRUCTION NO. 10

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.11.**

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 1.12.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.1.**

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

### CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.2.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

### [NOTE: TO BE USED IF DEFENDANT ELECTS NOT TO TESTIFY]

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.3.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## [NOTE: TO BE USED IF DEFENDANT ELECTS TO TESTIFY]

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.4.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.5.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.


**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.6.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.7.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.8.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**SOURCE:**    *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.9.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## EVIDENCE OF OTHER ACTS OF DEFENDANT
## OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.10.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.11.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count].

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit,* **Instruction No. 3.14.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

## POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

**SOURCE:** ***Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, Instruction No. 3.18.**

## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit,* **Instruction No. 5.6.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit,* **Instruction No. 4.1.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, Instruction No. 4.3.

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES– IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from [*witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness];

[received benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this][these] reason[s], in evaluating [*witness's*] testimony, you should consider the extent to which or whether [*witness's*] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine [*witness's*] testimony with greater caution than that of other witnesses.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 4.9.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

## SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 4.18.**

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 4.19.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 7.1.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 7.2.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No.** 7.3.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 7.4.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 7.5 (modified)**.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**SOURCE:**     *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 7.6.**

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26**


**ATTEMPT TO MANUFACTURE METHAMPHETAMINE HYDROCHLORIDE**
**(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846)**


The defendant is charged in Count I of the indictment with attempting to manufacture methamphetamine hydrochloride in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to manufacture methamphetamine hydrochloride;

Second, the defendant knew that the substance she was methamphetamine hydrochloride;

Third, the defendant acted intentionally, that is, that it was her conscious object to manufacture methamphetamine hydrochloride; and

Fourth, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of manufacturing methamphetamine hydrochloride.

The term "manufacture" as it relates to this case means the production, preparation, propagation, compounding or processing of a controlled substance, either directly or indirectly or by extraction from substances of natural origin. The term "manufacture" includes the act of growing.


**SOURCE:**     *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction Nos. 5.3 and 9.16, modified to reflect the elements for manufacture of a controlled substance set forth in Pattern Jury Instructions: First Circuit, Criminal Cases, 4.24.**

## CONTROLLED SUBSTANCE — POSSESSION
## WITH INTENT TO DISTRIBUTE
## (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

The defendant is charged in Count Two (II) the indictment with possession with intent to distribute less than 5 grams of methamphetamine hydrochloride in violation of Section 841(a)(1) and 841(b)(1)(c) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed less than 5 grams of methamphetamine hydrochloride; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine hydrochloride. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 9.13.**

## POSSESSION WITH INTENT TO DISTRIBUTE - LESSER INCLUDED OFFENSE

The law permits the jury to determine the guilt or innocence of Defendant for any crime that is necessarily included within the offense of possession with intent to distribute as charged in Count Two (II) of the indictment.

If you should find Defendant "not guilty" of the crime of possession with intent to distribute a controlled substance, then you should proceed to determine whether the government has proven the guilt of the defendant for the crime of possession of that controlled substance.

The crime of possession with intent to distribute methamphetamine hydrochloride includes the lesser crime of possession of methamphetamine hydrochloride in violation of Section 844(a) of Title 21 of the United States Code. If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute methamphetamine; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of possession of methamphetamine hydrochloride, you may find the defendant guilty of possession of methamphetamine hydrochloride.

In order for the defendant to be found guilty of the lesser crime of possession of methamphetamine hydrochloride in violation of Section 844(a) of Title 21 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

One: Defendant knowingly and intentionally possessed less than 5 grams of methaphetamine hydrochloride, the controlled substance described in Count Two (II) of the indictment;

Two: At the time of such possession, the defendant knew that this substance was methamphetamine hydrochloride; and

Three: Defendant did not possess the controlled substance pursuant to a valid prescription or order.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.15; 2B Fed. Jury Prac. & Instr. §§ 64.11 and 64.12 (5th ed.).**

## CONSPIRACY TO MANUFACTURE METHAMPHETAMINE HYDROCHLORIDE
## (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 846)

The defendant is charged in Count Three (III) of the indictment with conspiring to manufacture over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about July 2005, and on or about September 8, 2005, there was an agreement between two or more persons to manufacture over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii) and 846 of Title 21 of the United States Code; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

**SOURCE:**    *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.16 (modified to reflect** *United States v. Shabani*, **513 U.S. 10, 15-16 (1994) (holding that proof of overt act not necessary for violation drug conspiracy statute 21 U.S.C. § 846), as modified to reflect the charge of conspiracy to manufacture, and to delete reference to the law of conspiracy.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

## CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE
## (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii))

The defendant is charged in Count Four (IV) of the indictment with conspiring to distribute over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii), and 846 of Title 21of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about July 2005, and on or about September 8, 2005, there was an agreement between two or more persons to distribute over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii), and 846 of Title 21 of the United States Code; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.16 (modified to reflect** *United States v. Shabani*, **513 U.S. 10, 15-16 (1994) (holding that proof of overt act not necessary for violation drug conspiracy statute 21 U.S.C. § 846)), modified to delete reference to the law of conspiracy.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31

### CONSPIRACY
### - ELEMENTS -

The defendant is charged in Count Three (III) of the indictment with conspiring to manufacture over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii) and 846 of Title 21of the United States Code with and Count IV with conspiracy, and in Count Four (IV) of the indictment with conspiring to distribute over 5 grams of methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(B)(viii) and 846 of Title 21of the United States Code. I shall discuss with you briefly the law relating to the elements of conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit,* **Instruction No. 8.16 (modified to reflect** *United States v. Shabani,* **513 U.S. 10, 15-16 (1994) (holding that proof of overt act not necessary for violation drug conspiracy statute 21 U.S.C. § 846) (modified to reflect the charge of conspiracy to manufacture).**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

## CONSPIRACY TO DISTRIBUTE - LESSER INCLUDED OFFENSE

The law permits the jury to determine the guilt or innocence of Defendant for any crime that is necessarily included within the offense of conspiracy to distribute over 5 grams of methamphetamine hydrochloride as charged in Count Four (IV) of the indictment.

If you should find Defendant "not guilty" of the crime of conspiring to distribute more than 5 grams of methamphetamine hydrochloride, a controlled substance, then you should proceed to determine whether the government has proven the guilt of the defendant for the crime of conspiracy of possession of that controlled substance.

The crime of conspiracy to distribute methamphetamine hydrocholoride includes the lesser crime of conspiracy to possess of methamphetamine hydrochloride in violation of Section 844(a) of Title 21 of the United States Code. If (1) [any] [all] of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute methamphetamine; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of possession of methamphetamine hydrochloride, you may find the defendant guilty of possession of methamphetamine hydrochloride.

In order for the defendant to be found guilty of the lesser crime of conspiracy to possess methamphetamine hydrochloride, the government must prove each of the following elements beyond a reasonable doubt:

> First, between on or about July 2005, and on or about September 8, 2005, there was an agreement between two or more persons to possess over 5 grams of methamphetamine hydrochloride in violation of Section 844(a) of Title 21 of the United States Code; and,

> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 3.15; 2B Fed. Jury Prac. & Instr. §§ 64.11 and 64.12 (5th ed.).**

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**SOURCE:**     *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.17.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34

### CONSPIRACY—KNOWING OF AND
### ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.


**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.18.**

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

## WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.19.**

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36**

### CONSPIRACY— SEARS CHARGE

Before being convicted of conspiracy, an individual must conspire with at least one co-conspirator. There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government [agent] [informer] who secretly intended to frustrate the conspiracy.

**SOURCE:**   *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 8.21.**

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37

## AIDING AND ABETTING

A defendant may be found guilty of the crimes charged, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime charged was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**SOURCE:** *Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit*, **Instruction No. 5.1.**